897 So.2d 781 (2005)
Keith VAN METER, M.D.
v.
J.B. GUTIERREZ, Cameron Gilbert, Bruce Waltzer, Direct Mortgage Company, and Christian Community Medical Center
No. 2004-CA-0706.
Court of Appeal of Louisiana, Fourth Circuit.
February 16, 2005.
Order Granting Clarification March 15, 2005.
*782 Jorge A. Martinez, Larry D. Weiss, Harvey, Counsel for Plaintiff/Appellant.
James F. Willeford, New Orleans, Counsel for J.B. Gutierrez, Cameron Gilbert and Christian Community Medical Center.
William E. Wright, Jr., Mark G. Tauzier, Deutsch, Kerrigan & Stiles, L.L.P., New Orleans, Counsel for Bruce C. Waltzer.
Court composed of Judge CHARLES R. JONES, Judge TERRI F. LOVE, and Judge DAVID S. GORBATY.
JONES, J.
The appellants seek review of a district court judgment which maintained appellees' exceptions of no cause of action and no right of action.
This action arises out of a breach of contract. Particularly, the named appellants, Dr. Keith Van Meter, Mary Van Meter, and Dr. Adrian James, allege that Christian Community Medical Center (hereinafter the CCMC), failed to purchase the St. Claude Medical Center and failed *783 to return their investments toward the purchase of the St. Claude Medical Center, as promised.
In particular, the appellant, Dr. Van Meter, alleges that during the fall of 2001, he was personally recruited by Mr. J.B. Guitierrez and Mr. Cameron Gilbert, appellees in this matter, to invest in the CCMC. The additional named appellee, Mr. Bruce Waltzer, was hired by the parties as the attorney to complete the business transaction. Mr. Waltzer had represented Dr. Van Meter regarding a collection account for a balance due to Dr. Van Meter for services provided in managing the emergency department at the St. Claude Medical Center. Because of this prior business relationship, Dr. Van Meter had no reservations in hiring Mr. Waltzer to complete the St. Claude Medical Center transaction.
Dr. Van Meter, along with his wife Mary Van Meter, and Dr. Adrian James, invested in the CCMC, through their wholly owned limited liability companies,[1] with assurances from Mr. Waltzer that their investments would be fully refunded in the event the CCMC did not purchase St. Claude Medical Center.
The purchase of the St. Claude Medical Center did not come to fruition. Dr. Van Meter filed the instant suit for damages naming as defendants: J.B. Gutierrez, Cameron Gilbert, Bruce Waltzer, Direct Mortgage Company, and the CCMC. The petition alleges that Mr. Waltzer both advised and encouraged them, and others, to invest in the CCMC through the named appellees' (Mr. Waltzer and Mr. Gilbert's) insistence that Mr. Gutierrez had enough personal investment capital to cover the CCMC's purchase of the St. Claude Medical Center. The petition further alleges that not only were their investments lost, but that the doctors suffered disruptions of their medical practices. Dr. Van Meter personally claims that he suffered a $40,000 loss and emotional distress, which required therapy for one and one-half years.
Dr. Van Meter later discovered that Mr. Waltzer had personally and simultaneously given legal advice to Mr. Gilbert during the time that Mr. Gilbert and Mr. Gutierrez were recruiting investors for the St. Claude Medical Center purchase. Mr. Waltzer did not disclose this potential conflict of interest to the appellants.
In response to Dr. Van Mcter's suit, which was filed on April 14, 2003, various motions were filed by the defendants. CMCC filed an exception of no right of action alleging that Dr. Van Meter had no right to sue on behalf of his limited liability company, the GMAA. Dr. Van Meter filed a First Supplemental and Amended Petition adding the limited liability company, the GMAA. He later added his wife Mary Van Meter in her capacity as the manager of the limited liability company in his Second Supplemental and Amended Petition.
Direct Mortgage filed an Exception of No Cause of Action on June 11, 2003. Direct Mortgage claimed that the original and the First and Second Amended Petitions filed by the plaintiffs, failed to state a cause of action. The district court maintained the exception and Direct Mortgage was dismissed from the suit.
Mr. Waltzer filed an exception of no right of action on the grounds that Mary Van Meter could not sue him personally on behalf of the limited liability company, the GMAA. He further argued that based *784 upon the allegations in the petition for damages, the GMAA had not made sufficient allegations to support a right of action by a limited liability company. These same arguments were later adopted by Mr. Gutierrez and Mr. Gilbert in their Exceptions with Incorporated Memorandum by Reference which was filed on July 1, 2003.
At a hearing in open court to consider the merits of the defendants' exceptions of no right of action and no cause of action, the district court denied the exception filed by Mr. Gutierrez, Mr. Gilbert and the CCMC regarding the limited liability company, the GMAA, but maintained the exception of no right of action regarding the claims brought by Dr. Van Meter and Mary Van Meter. The district court also maintained the exception of no right of action filed by Mr. Waltzer, but allowed the appellants 30 days to file amended pleadings.
The Van Meters filed a Third Supplemental and Amended Petition adding Dr. Adrian James and the Crescent City, which is Dr. James' limited liability company, as plaintiffs. In response thereto, Mr. Waltzer filed additional exceptions claiming that the Van Meters and Dr. James had no right of action and that both the GMAA, and the Crescent City (the limited liability companies) had not stated causes of action herein. In addition, the CCMC, Mr. Gutierrez, and Mr. Gilbert, filed exceptions in response to the Third Supplemental and Amended Petition, and once again they adopted the same arguments as Mr. Waltzer in their Exceptions of No Right of Action with Incorporated Memorandum which was filed on November 13, 2003.
At a subsequent hearing in open court to consider the merits of the defendants' exceptions of no right of action and no cause of action, the district court granted all of the exceptions and designated the judgment as final pursuant to La. C.C.P. Art 1915(A). The judgment effectively dismissed all claims by the plaintiffs against Mr. Waltzer, and dismissed all of the Van Meters' and Dr. James' claims against the CCMC, Mr. Gutierrez, and Mr. Gilbert.
The district court offered reasons for judgment which indicated that since the petitioners (in their petitions) admitted or alleged that their respective investments were made through their limited liability companies (the Van Meters, through the GMAA, and Dr. Adrian James, through the Crescent City), the plaintiffs could not sue the defendants personally on behalf of the limited liability companies since the Van Meters and Dr. James did not sustain "any damages that are separate and distinct from those which may be asserted by" the limited liability companies. In addition, the court would not allow the Van Meters to sue in their individual capacities "side by side" with the limited liability companies because, the court concluded, to do so would permit "double recovery."
As to dismissed claims of the limited liability companies, the GMAA and the Crescent City, the district court opined that there was never an attorney-client relationship between Mr. Waltzer and the limited liability companies. The court further noted that even after the court permitted the plaintiffs to file supplemental pleadings to cure the deficiencies in their petitions, they failed to establish that an attorney-client relationship existed between themselves and Mr. Waltzer, or between Mr. Walter and the limited liability companies. The district court concluded that the limited liability companies had causes of action, but that the individual members of the limited liability companies did not.
*785 In his brief, Mr. Waltzer denied that he offered to or advised Dr. Van Meter in the St. Claude matter, and further argued that Dr. Van Meter's claim of an attorney-client relationship was not supported by the record. However, some three months after the district court dismissed all claims against Mr. Waltzer, his attorney, David Levitt, sent a demand letter to Dr. Van Meter for payment of legal fees in the amount of $82,750. The letter also indicated that if Dr. Van Meter did not make prompt payment in full that a lawsuit would follow.[2]
On appeal, the appellants, the Van Meters, Dr. James, and their respective limited liability companies, the GMAA, and Crescent City, raise three assignments of error: 1) that the district court erred in maintaining Mr. Waltzer's exception of no right of action; 2) that the district court erred in maintaining Mr. Waltzer's exception of no cause of action; and 3) that the district court erred in maintaining exceptions of no right of action filed by the CCMC, Mr. Gutierrez, and Mr. Gilbert, thereby dismissing the appellants' claims.
This Court, in Southern Tool & Supply, Inc. v. Beerman Precision, Inc., 03-0960 (La.App. 4 Cir. 11/26/03), 862 So.2d 271, at p. 277 discussed the standard of review for exceptions of no cause of action.
We review a trial court's decision on an exception of no cause of action de novo"because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition." City of New Orleans v. Board of Comm'rs of Orleans Levee Dist., 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253. In so doing, we are confined to the allegations of the petition. No evidence can be introduced to support or to controvert an exception of no cause of action. La. C.C.P. art. 931. Rather, we must accept as true the well pleaded factual allegations set forth in the petition. Based thereon, our job is to determine "whether, on the face of the petition, the plaintiff is legally entitled to the relief sought." Everything on Wheels Subaru v. Subaru South Inc., 616 So.2d 1234, 1235 (La.1993). A defendant's peremptory exception of no cause of action is designed to test the legal sufficiency of the plaintiff's petition. It poses the question "whether the law affords a remedy on the facts alleged in the pleading." Id. Louisiana has a system of fact pleading, and "[t]he mere conclusion of the pleader unsupported by facts does not set forth a cause or right of action." Montalvo v. Sondes, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131. As we recently noted, "[i]t is insufficient to state a cause of action where the petition simply states legal or factual conclusions without setting forth facts that support the conclusions." Bibbins v. City of New Orleans, XXXX-XXXX, p. 5 (La.App. 4th Cir.5/21/03), 848 So.2d 686, 691, writ denied, XXXX-XXXX (La.10/10/03), 855 So.2d 357. The exceptor has the burden of proving that the petition fails to state a cause of action. This burden serves the public policy of affording the plaintiff his day in * *7 court to present his case. "When it can reasonably do so, the court should maintain a petition against a peremptory exception so as to afford the litigant an opportunity to present his evidence." Kuebler v. Martin, 578 So.2d 113, 114 (La.1991). "An exception of no cause of action is likely to be granted *786 only in the unusual case in which the plaintiff includes allegations that show on the face of the petition that there is some insurmountable bar to relief." City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170, p. 10 (La.3/2/99), 739 So.2d 748, 749.
In Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n, 94-2015 (La.11/30/94), 646 So.2d 885, the Louisiana Supreme Court thoroughly analyzed the merits of an exception of no right of action as follows:
An action can only be brought by a person having a real and actual interest which he asserts. La.Code Civ.Proc. art. 681. The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. La.Code Civ.Proc. art. 927(5). The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Babineaux v. Pernie-Baily Drilling Co., 26[2] So.2d 328 (1972). [our emphasis]

Thus, the exception of no right of action assumes that the petition states a valid cause of action and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. Id. at 888.
In the present case, the Van Meters allege that they were personally recruited by Mr. Gutierrez and Mr. Gilbert, and that the appellee, Mr. Waltzer was appointed by the Van Meters as an attorney to complete the business transaction relating to the purchase of the St. Claude Medical Center. The Van Meters claimed that Mr. Waltzer both advised and encouraged them and others to invest in the CCMC. The record indicates that Mrs. Van Meter is the registered agent of the GMAA, the limited liability company. The record further indicates that the Van Meters invested the property of the limited liability companies, and not their own personal assets.
La. R.S. 12:1329 specifically provides that "[a] member shall have no interest in limited liability company property." Thus, the district court was partially correct in concluding that the Van Meters and Dr. James could not bring claims personally on behalf of the limited liability companies in this litigation. The proper party plaintiffs, that is, those who may assert a maintainable right of action against the appellee(s) for losses suffered by the corporations are the juridical entities themselves as they have sustained actual and appreciable monetary losses through the failure of the investment transaction. Therefore, we find that the exception of no right of action filed by named appellees, the CCMC, Mr. Gutierrez and Mr. Gilbert was properly granted since the limited liability companies are the proper parties to pursue actions for damages against the named appellees, and not the Van Meters nor Dr. James.
In their petition, the appellants also alleged that Mr. Waltzer is liable for personal damages. Although they were given leave to supplement and amend their petition to cure the "deficiencies" concerning their initial claims for fraud, legal malpractice, and negligence, inter alia, the district court concluded that the appellants' petition did not state personal rights of action separate and distinct from the injuries suffered by the juridical entities. However, our review of the record indicated that the district court erred in not permitting appellants' personal claims.
The district court's judgment, which maintained Mr. Waltzer's exceptions of no *787 cause of action and no right of action against the appellants, essentially bars the appellants from having their day in court on a claim for personal damages. The appellants should not be barred from asserting other causes of action arising out of the same events based on other maintainable causes of action, since "[a] petition may set forth two or more causes of action in the alternative, even though the legal or factual bases may be inconsistent or mutually exclusive." La. C.C.P. Article 892. Thus, the district court erred in maintaining Mr. Waltzer's exceptions of no cause of action and no right of action against the appellants. The appellants have alleged that they have sustained personal damages by the conduct of Mr. Waltzer which are separate and distinct from that of the juridical entities, but arise out of the same circumstances. Hence, the appellants have a real and actual interest in the case at bar. We therefore conclude that the appellants have maintainable separate causes of action and rights of action against the named appellee, Mr. Waltzer.
Further, in the case at bar, the Van Meters allege that Mr. Waltzer's advice and misrepresentation of material facts constituted fraud. They contend that his actions were a direct cause of the personal injuries they sustained. However, the fraud claim was not specifically addressed by the district court in its judgment. The district court merely concluded that the plaintiffs' failure to establish an attorney-client relationship would preclude an action for fraud.
Fraud is defined as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." La. C.C. Article 1953. "Fraud need only be proven by a preponderance of the evidence and may be established by circumstantial evidence."
Furthermore, we recently, concluded that:
[the] pleading of fraud, intentional concealment, and detrimental reliance are not subject to the exception of no right of action because they do not depend on an attorney-client relationship. The issue here is whether the attorneys aided and abetted fraud or whether by their acts caused damage to another.
Exposition Partner, L.L.P. v. King, Leblanc, & Bland, L.L.P., XXXX-XXXX (La.App. 4 Cir. 3/10/04), 869 So.2d 934.
In their petition the Van Meters allege several acts on the part of Mr. Waltzer which may constitute fraud as defined by our Civil Code. Although the district court's judgment which applied La. R.S. 12:1329 was partially correct in dismissing the claims of the named members of the limited liability companies,[3] the district court erred in not addressing the Van Meters' claims regarding Mr. Waltzer's alleged fraudulent acts. Since we have already established that the appellants have an interest in the case at bar, we also conclude that the appellants' fraud claims arise out of the same set of circumstances and allege damages that the limited liability companies could not suffer as a juridical entity.
For these reasons, we find that the fraud claim, alleged in the petition, is a maintainable cause of action which should be tried to ascertain whether the appellee's *788 actions aided or abetted a fraudulent transaction. We also find that the district court erred in dismissing the appellants' claims against Mr. Waltzer and reverse the district court's judgment which dismissed appellants' cause of action against Mr. Waltzer.
In its reasons for judgment, the district court limited its discussion to the exceptions of no cause of action and no right of action. A close review of the record indicates that Mr. Waltzer himself maintained throughout the course of the district court proceedings that no attorney-client relationship existed between himself and the appellant(s). However, as noted in the appellants' brief, after the district court judgment was rendered, Mr. Waltzer had sent a certified letter to Dr. Van Meter demanding attorney's fees.
The appellants have made a compelling argument that the demand letter changes the posture of this case. However, for the matter before us, it was clear error to dismiss the fraud claim of the Van Meters.

DECREE
For the reasons assigned herein, we REVERSE the district court judgment which maintained Mr. Waltzer's exceptions of no cause of action and no right of action which dismissed Dr. and Mrs. Van Meters' and Dr. James' claims with prejudice. In all other respects, the district court judgment is AFFIRMED.
REVERSED IN PART; AFFIRMED IN PART.

ORDER
The appellants, Keith Van Meter et al., have filed a Motion for Rehearing and/or Clarification of the opinion handed down in the above-captioned matter.
The appellants' Motion concerns this Court's discussion of the procedural history of the Appellants' claims against Bruce Waltzer. The Appellants' claims were dismissed by the district court and gave rise to the appeal.

1. THE APPELLANTS' COUNSEL HAS MISUNDERSTOOD THIS COURT'S OPINION IN THIS CASE AND HAS ERRONEOUSLY CONCLUDED THAT OUR FINAL DISPOSITION WAS FLAWED BASED UPON A MISPLACED SENTENCE IN OUR SUMMARY OF THE PROCEDURAL HISTORY.
While this Court is aware of the fact that the district court dismissed all of the claims made against Bruce Waltzer, the district court, in its reasons for judgment, also ruled on the exceptions filed by the other defendants, J.B. Gutierrez, Cameron Gilbert, and the CCMC, whereby the district court concluded that the limited liability companies had causes of action against those named defendants, but the Appellants  in their individual capacities  did not have causes of action against those named defendants.
Since the Appellants include the Van Meters, Dr. James, and the limited liability companies "Crescent City" and "GMAA," this Court reviewed the district court's reasons for judgment and reviewed the district court's disposition of the case concerning all plaintiffs/appellants, and not just the doctors in their individual capacities. As the Appellants are aware, they not only appealed the judgment concerning Mr. Waltzer's exceptions, they also requested a review and reversal concerning the exceptions filed by the other defendants because the district court determined that the appellants did not have *789 maintainable, individual causes of action against the other named defendants.
This Court is aware that the district court granted all of Mr. Waltzer's exceptions however, our review does not preclude us from discussing the entire procedural history of the case before us.
Specifically, the Appellants refer to a sentence on page 5 of our opinion. The sentence appears in the section of our opinion which recaps the extensive procedural history of this case. The paragraph in which the sentence appears summed up the district court's reasons for judgment concerning the dismissed claims brought by the LLCs. The paragraph, in its entirety, reads:
As to dismissed claims of the limited liability companies, the GMAA and the Crescent City, the district court opined that there was never an attorney-client relationship between Mr. Waltzer and the limited liability companies. The court further noted that even after the court permitted the plaintiffs to file supplemental pleadings to cure the deficiencies in their petitions, they failed to establish that an attorney-client relationship existed between themselves and Mr. Waltzer, or between Mr. Walter and the limited liability companies. The district court concluded that the limited liability companies had causes of action, but that the individual members of the limited liability companies did not.
Although counsel for the appellants implies that this Court erroneously believed that the district court did not dismiss the limited liability companies' claims against Mr. Waltzer, counsel for the Appellants has overlooked our discussion of law and our final disposition and has instead, chosen to focus on our discussion of the procedural history in this case.
For the above reasons, we GRANT the Appellants' Motion for Clarification and clarify the sentence which appears on page 5 of our opinion. The sentence is re-drafted and included in an entirely new paragraph to insure no doubt as to what this Court's intentions were in drafting its opinion. The new section on page 5 will read as follows:
As to dismissed claims of the limited liability companies, the GMAA and the Crescent City, the district court opined that there was never an attorney-client relationship between Mr. Waltzer and the limited liability companies. The court further noted that even after the court permitted the plaintiffs to file supplemental pleadings to cure the deficiencies in their petitions, they failed to establish that an attorney-client relationship existed between themselves and Mr. Waltzer, or between Mr. Walter and the limited liability companies. As a result, the district court maintained all of Mr. Waltzer's exceptions.

[New paragraph] In response to the Appellants' individual claims and those claims brought on behalf of the limited liability companies against the other defendants, J.B. Gutierrez, Cameron Gilbert, and the CCMC, the district court concluded that the limited liability companies had causes of action against Mr. Gutierrez, Mr. Gilbert, and the CCMC, but that the individual members of the limited liability companies did not.
In all other respects, our disposition of this case shall remain as is. We REVERSE the district court judgment which maintained Mr. Waltzer's Exceptions of No Cause of Action and No Right of Action which dismissed Dr. and Mrs. Van Meters' and Dr. James' claims with prejudice. *790 In all other respects, the district court judgment is AFFIRMED.
/s/ Charles R. Jones
JUDGE CHARLES R. JONES
/2/ Terri F. Love
JUDGE TERRI F. LOVE
/s/ David S. Gorbaty
JUDGE DAVID S. GORBATY
NOTES
[1] The Van Meters invested through their limited liability, the GMAA. Dr. James signed the Subscription Agreement in his own name and later assigned his ownership interest in the CCMC venture to his limited liability company, Crescent City.
[2] This demand letter was not a part of the district court record and was attached to appellants' brief. Therefore, this document may not be properly before this Court.
[3] Pursuant to La. R.S. 12:1329, the district court concluded that in a suit for damages to recover the investments made by the limited liability company to the CCMC, the proper party plaintiffs are the limited liability companies themselves, not their individual members.