STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 08-798

BRYAN D. SCOFIELD, INC., ET AL.

VERSUS

SUSAN A. DAIGLE, LTD., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20071345
HONORABLE JOHN DAMIAN TRAHAN, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of John D. Saunders, Billy Howard Ezell, and J. David Painter, Judges.

REVERSED AND REMANDED.

Edwin Gustav Preis, Jr.
Richard J. Hymel
Preis, Kraft & Roy
P. O. Drawer 94-C
Lafayette, LA 70509
(337) 237-6062
Counsel for Plaintiffs/Appellants:
Bryan D. Scofield, Inc.
Rivera, Ltd.

**Randall Kurt Theunissen**
**Neil Gregory Vincent**
**Alan Meche**
**Allen & Gooch**
**P. O. Box 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1000**
**Counsel for Defendants/Appellees:**
**Susan A. Daigle, Ltd.**
**Daigle, Jamison & Rayburn, LLC**

**Ezell, Judge.**

This case arises out of a dispute between three former members of a law firm which was doing business as a limited liability company. After separating from the firm, two of the members filed the present suit against the third member. The trial court granted an exception of no cause of action filed by the third member. Following a denial of a motion for a new trial, the two suing members filed the present appeal claiming that they have stated a cause of action.

## FACTS

The following facts are presented in the pleadings. Susan Daigle, Bryan Scofield, and Jim Rivera formed the law firm of Daigle, Scofield & Rivera, LLC on March 15, 2000. The members of the firm were identified as Susan A. Daigle, Ltd., Bryan D. Scofield, Inc., and Rivera, Ltd.[1] Both briefs state that by oral agreement the parties agreed that Daigle would receive fifty percent of the equity of the firm with Scofield and Rivera dividing the remaining half.

According to the petition, it appears that the relationship between the parties began to deteriorate in late 2004. On March 14, 2005, Daigle advised Scofield that she no longer wanted Rivera as a member of the firm and proposed a buy out of Rivera's interest in the firm. Scofield did not agree with this decision. On March 16, 2005, Daigle advised Rivera that she would pay for his ownership interest over a three-year period. She also informed him that he could remain at the firm as a non-equity attorney under the same compensation plan as the non-equity attorneys. Rivera had to make a decision by the following Friday at 10:00 a.m., less than forty-eight hours from the offer. Otherwise, Daigle would send correspondence to the firm clients advising that Rivera left the firm for unspecified reasons. Rivera requested

---

[1]    Throughout the rest of the opinion, we will simply refer to the members of the firm as Daigle, Scofield, and Rivera.

1

documentation to support the offer and more time to consider it, but Daigle declined. Rivera told her that no decision would be made by that time, which Daigle viewed as a rejection of the proposal. Correspondence was sent to firm clients advising of Rivera's departure.

Based on Daigle's actions, Scofield decided to leave the firm around April 1, 2005. Upon advising Daigle of his decision, Daigle requested that Scofield and Daigle agree that adjusters of firm clients for which Scofield was handling files not be advised by either of them of his decision to leave until after she returned from a multi-day trip to Dallas, Texas. An agreement was reached between Daigle and Scofield that neither would discuss his departure with those firm clients or adjusters until after her return from Dallas. Scofield claims that Daigle breached this agreement because before or very soon after she left for her trip to Dallas, she discussed Scofield's departure with numerous adjusters supervising files being handled by Scofield.

On September 25, 2006, Scofield and Rivera filed a lawsuit against Susan Daigle, individually, and against the limited liability company, called Daigle, Crawford & Jamison, LLC at the time of the suit. The lawsuit was dismissed on an exception of no cause of action finding that there was no cause of action against Susan Daigle in her individual capacity, in that she was not a member or manager of the LLC.

An exception of prematurity based on the last sentence of the operating agreement was also filed. The last sentence read: "Calculation & financial distribution is done after pending [plaintiff] cases are resolved." There was still a pending plaintiff case, so the exception of prematurity was granted, and the case against the firm was dismissed with prejudice.

2

Thereafter, the present suit was filed by members Bryan D. Scofield, Inc. and Rivera, Ltd. against the third member Daigle, Ltd. on March 15, 2007. Daigle filed exceptions, including an exception of no cause of action. A hearing on the exceptions was held on October 29, 2007. Just prior to the hearing, the firm's last plaintiff case resolved. The Plaintiffs then filed a supplemental and amending petition against the limited liability company and Daigle. However, this petition was not at issue at the hearing on the exceptions.

The trial court granted the exception of no cause of action in favor of Susan A. Daigle. The judgment dismissing the claims of Scofield and Rivera against Daigle was designated a partial final judgment pursuant to La.Code Civ.P. art. 1915. Scofield and Rivera filed the present appeal arguing that the trial court erred in granting the exception of no cause of action.

## EXCEPTION OF NO CAUSE OF ACTION

Scofield and Rivera argue that they have pled causes of action on three different basis. First, they allege a cause of action against Daigle for breach of fiduciary duties pursuant to the laws governing limited liability companies. The second cause of action Scofield and Rivera allege they have pled is for breach of the operating agreement. Lastly, they argue that Scofield has stated a cause of action for fraudulent breach of an oral agreement.

Breach of Fiduciary Duty

In sustaining the exception of no cause of action, the trial court recognized that members of a limited liability company owe reciprocal duties to one another. However, it then ruled that an action for breach of fiduciary duty against a member must be brought by a derivative suit. We observe that this finding by the trial court is essentially a finding that Scofield and Rivera do not have a right of action to file

3

the suit as opposed to having no cause of action. La.Code Civ.P. art. 927(5); *See Glod v. Baker*, 02-988 (La.App. 3 Cir. 8/6/03), 851 So.2d 1255, *writ denied*, 03-2482 (La. 11/26/03), 860 So.2d 1135; *Roger Boc, L.L.C. v. Weigel*, 99-570 (La.App. 3 Cir. 11/3/99), 744 So.2d 731, *writ not considered*, 00-176 (La. 3/17/00), 756 So.2d 316; *Van Meter v. Gutierrez*, 04-706 (La.App. 4 Cir. 2/16/05), 897 So.2d 781.

The written judgment itself stated that the exception of no cause of action was granted and that the exception of no right of action and res judicata were now moot. However, out of an abundance of caution, we feel it necessary to address the trial courts remarks about the necessity of a derivative action in this case. As explained below, we find that Scofield and Rivera have a right of action to bring individual claims against another member under certain circumstances.

The Limited Liability Company Law specifically provides that members with management responsibilities have fiduciary obligations, including a duty of care and duty of loyalty, not only to the limited liability company but to the other members as individuals also. Pursuant to La.R.S. 12:1314(A)(1)(emphasis supplied), a member who has management responsibilities "shall be deemed to stand in a fiduciary relationship to the limited liability company **and its members** and shall discharge his duties in good faith, with the diligence, care, judgment, and skill which an ordinary prudent person in a like position would exercise under similar circumstances."

Except for word changes to reflect terminology used in a limited liability company context, the wording of La.R.S. 12:1314 is almost identical to La.R.S. 12:91, which establishes the fiduciary duty of officers and directors to the corporation and its shareholders. As explained in Glenn G. Morris & Wendell H. Holmes, 8 *Louisiana Civil Law Treatise: Business Organizations* § 44.09, at p. 508 (1999)(footnotes omitted):

4

The persons who are empowered to manage an LLC owe fiduciary duties to the LLC and to its members. If the LLC is member-managed, the duties are owed by the members. If it is manager-managed, the duties are owed by the managers.

The substance of the fiduciary duty rule in the LLC statutes is the same as that in the corporation statute. It seems plain that the corporate provision was copied into the LLC statute, with appropriate changes in terminology and in restricting the applicability of the rule to those persons holding managerial powers, either members in member-managed LLCs or managers in manager-managed LLCs. Hence, we will not repeat here the discussion provided earlier with respect to the meaning of the statutory rule. To the extent that the rule applies, it should mean the same thing in LLC law that it means in corporation law.

Pursuant to La.Civ.Code art. 13, "[l]aws on the same subject matter must be interpreted in reference to each other." In explaining the meaning of former Civil Code Article 17, the supreme court stated:

'Statutes in pari materia are those which relate to the same person or things, or to the same class of persons or things, or which have a common purpose; and although an act may incidentally refer to the same subject as another act, it is not in pari materia if its scope and aim are distinct and unconnected. It is a well established rule that in the construction of a particular statute, or in the interpretation of its provisions, all statutes relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law, although they were enacted at different times, and contain no reference to one another, The endeavor should be made, by tracing the history of legislation on the subject, to ascertain the uniform and consistent purpose of the legislature, or to discover how the policy of the legislature with reference to the subject matter has been changed or modified from time to time. In other words, in determining the meaning of a particular statute, resort may be had to the established policy of the legislature as disclosed by a general course of legislation. * * *"

*Malone v. Cannon*, 215 La. 939, 957-58, 41 So.2d 837, 843 (1949)(quoting 59 Corpus Juris verbo Statutes, § 620).

It is obvious that the Legislature enacted the Limited Liability Company Law with full appreciation of the existing corporate law. Not only are both statutes almost identical but both statutes pertain to the fiduciary duties of business entities. We find it appropriate to rely on the developed corporate case law under these circumstances.

5

Corporate cases have held that a shareholder may have the right to sue the officers and directors directly if the breach of the fiduciary duty causes direct loss to the shareholder. *Pittman v. Beebe*, 95-1342 (La.App. 3 Cir. 3/6/96), 670 So.2d 761, *writ denied*, 96-882 (La. 5/10/96), 672 So.2d 931(*citing Palowsky v. Premier Bancorp, Inc.*, 597 So.2d 543 (La.App. 1 Cir. 1992)); *Sun Drilling Products Corp. v. Rayborn*, 00-1884 (La.App. 4 Cir. 10/3/01), 798 So.2d 1141, *writ denied*, 01-2939 (La. 1/25/02), 807 So.2d 840. We find that the same reasoning would apply to members who suffer a direct loss caused by another member who has breached its fiduciary duty.

The Limited Liability Company Law further provides that a member "shall not be held personally liable to the limited liability company or the members" unless the member "acted in a grossly negligent manner . . . or engaged in conduct which demonstrates a greater disregard of the duty of care than gross negligence, including but not limited to intentional tortuous conduct or intentional breach of his duty of loyalty." La.R.S. 12:1314(B). Gross negligence is defined "as a reckless disregard or a carelessness amounting to indifference to the best interests of the limited liability company or the members thereof." La.R.S. 12:1314(C).

Therefore, a member has a direct right of action against other members individually for a breach of fiduciary duty when such breach is grossly negligent and the damage is to the suing member directly. We will now discuss whether Scofield's and Rivera's petition has stated a cause of action for breach of fiduciary duty against Daigle.

> As used in the context of the peremptory exception, a "cause of action" refers to the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant. The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. No evidence may be

6

introduced to support or controvert the exception of no cause of action. LSA-C.C.P. art. 931. The exception is triable on the face of the pleadings, and, for purposes of resolving the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.

Louisiana retains a system of fact pleading, and mere conclusions of the plaintiff unsupported by facts will not set forth a cause or right of action. The burden of demonstrating that a petition fails to state a cause of action is upon the mover. Because the exception of no cause of action raises a question of law and the district court's decision is based solely on the sufficiency of the petition, review of the district court's ruling on an exception of no cause of action is *de novo*. The pertinent inquiry is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief.

*Scheffler v. Adams and Reese, LLP*, 06-1774, pp. 4-5 (La. 2/22/07), 950 So.2d 641, 646-47(case citations omitted).

In seeking to establish a breach of fiduciary duty, Scofield and Rivera argue that Daigle deliberately ignored her statutorily imposed duties of good faith, care, and loyalty in ending her relationship with them. They argue her actions were deliberate, at best.

This court has discussed the duty of loyalty that a fiduciary owes and stated that a fiduciary may not take even the slightest advantage, but must zealously, diligently, and honestly guard and champion the rights of his principal against all other persons and is bound not to act in antagonism, opposition, or conflict with the interest of the principal to even the slightest extent. *Sampson v. DCI of Alexandria*, 07-671 (La.App. 3 Cir. 10/31/07), 970 So.2d 55(*citing Beckstrom v. Parnell*, 97-1200 (La.App. 1 Cir. 11/6/98), 730 So.2d 942). The supreme court has also recognized that a fiduciary obligation of loyalty owed by a participant in a co-owned business endeavor includes the obligation of "utmost good faith, fairness, and honesty in their dealings with each other with respect to the matters pertaining to the enterprise."

*Scheffler*, 950 So.2d at 648, fn2.

Daigle claims that none of the facts pleaded by Scofield and Rivera rise to the level of gross negligence. On the other hand, Scofield and Rivera claim that the petition sets forth in detail the intentional actions of Daigle representing breach of fiduciary duties and bad faith conduct. The allegations as set forth in the petition are that Daigle had "secret discussions with other firm clients, potential clients and/or third parties, who had previously been beneficial in helping the firm obtain business, regarding her scheme to terminate Rivera, Ltd.'s membership in the firm"; Daigle advised Rivera that he was no longer a member of the firm despite Scofield's objection; Rivera was given less than forty-eight hours to make a decision about her offer to purchase Rivera's interest in the firm over a three-year period and that he could remain as a non-equity attorney; Daigle would not provide information or documentation to support the basis of her offer and specifically instructed the office manager to not provide Rivera with any firm financial documents; Daigle viewed Rivera's failure to make a decision as a rejection of her offer; and Daigle sent correspondence to firm clients advising that Riveria was leaving the firm for unspecified reasons.

Accepting all of these allegations as true, we find that the petition alleges facts that Daigle intentionally breached her duty of loyalty to Scofield and Rivera individually. The allegations suggest that Daigle was antagonistic to Scofield's and Rivera's position. The allegations also suggest that Daigle took intentional steps to carry out her plan. Although Scofield and Rivera disagreed with Daigle's plan, she intentionally pursued her plan to oust Rivera. We find that Scofield and Rivera have stated a cause of action for breach of fiduciary duty.

Breach of Operating Agreement

Scofield and Rivera argue that they have also stated a cause of action for breach of the operating agreement. Daigle, on the other hand, argues that Scofield and Rivera never pled the existence of an operating agreement or any facts which are claimed to be a breach of the operating agreement. She further alleges that the Plaintiffs are basing this claim on the supplemental and amending petition which was not at issue at this hearing. In response, the Plaintiffs argue that the allegations of Daigle's breach of fiduciary duties and bad faith conduct support their claim for breach of the operating agreement.

A review of the hearing on the exceptions held on October 29, 2007, establishes that the trial court was informed that dissolution of the operating agreement was raised in the supplemental and amending petition and was not at issue at this hearing. A review of the two petitions also establishes that while there was mention of a breach of contract or agreement in the first petition, it concerned the breach of oral agreement which we will discuss next. The amending petition clearly puts the issue of breach of the operating agreement at issue. Therefore, we find that this issue is not before us.

Breach of Oral Contract

Scofield's claim that Daigle breached an oral contract is based on his allegation that they agreed to not contact certain adjusters until Daigle returned from Dallas. In the petition Scofield alleges that Daigle breached this agreement by discussing Scofield's departure with numerous adjusters supervising files being handled by Scofield. Scofield further alleged that he did not discuss or communicate with any of the specified adjusters regarding his departure from the firm.

Most of Daigle's arguments in brief center around defenses to Scofield's claim. The facts as alleged in the petition do establish that Daigle and Scofield had an oral agreement and she breached this agreement. Scofield has alleged that this act was in bad faith. We find that the petition does establish a cause of action for the intentional breach of an oral agreement.

We note that our opinion does not come to any conclusion as to whether the alleged causes of action for breach of fiduciary duty or breach of oral contract have been proven. These are the facts as alleged in the petition.

For the reasons discussed above, the judgment of the trial court granting the exception of no cause of action is reversed. This case is remanded for further proceedings. Costs of this appeal are assessed to Susan A. Daigle, Ltd.

**REVERSED AND REMANDED**.