LOBRANO, J.,
Dissents with Reasons.
pi respectfully dissent from the majority opinion affirming the trial court judgment, and denying the exception of no right of action filed by Angela Discon Smith against John F. Kelly, III. I would vacate the trial court judgment in favor of Kelly, sustain the exception of no right of action filed by Smith against Kelly, and remand this matter to the trial court to allow Kelly to amend his petition and for further proceedings.
In her brief in support of the exception, Smith argues that Kelly has no right of action in his individual capacity to assert the claims of Rent to Own Properties, L.L.C. and 741 Lang Street, L.L.C. Smith argues that the claims asserted against her by Kelly involved losses allegedly sustained by Rent to Own Properties, L.L.C. and 741 Lang Street, L.L.C., and not by Kelly in his individual capacity. Those two limited liability companies are not named parties in this proceeding. The only named plaintiff is Kelly, in his individual capacity. Smith further argues that Kelly — even as the current sole member of Rent to Own Properties, L.L.C. or as a *652 member of 741 Lang Street, L.L.C. — has no ownership interest in the property of these companies and no right to pursue recovery against Smith for the claims of these companies.
12KeIly opposed Smith’s exception of no right of action, arguing that he has a personal interest in the properties at issue, and that the funds previously held in the Rent to Own Properties, L.L.C.’s bank account were his personal funds. He further argues that he inherited the right of action to the claims he asserted against Smith when the limited liability companies were allegedly dissolved in 2006. As an alternative argument, Kelly argues that if this Court finds that he has no right of action against Smith, he should be allowed the opportunity to amend his petition.
Kelly also filed a supplemental brief in opposition to Smith’s exception, and attached printouts from the Louisiana Secretary of State’s website regarding the status of Rent to Own Properties, L.L.C. and of 741 Lang Street, L.L.C. These printouts are not in the record on appeal. Appellate briefs and attachments thereto are not part of the record on appeal; therefore, as a court of record, this Court has no authority to consider the items attached to Kelly’s brief. Miccol Enterprises, Inc. v. City of New Orleans, 12-0864, p. 7 (La.App. 4 Cir. 12/19/12), 106 So.3d 746, 750-751.
The record in this matter shows that during the existence of the business relationship between Kelly and Smith, five properties were purchased: 1) 4321 California Avenue in Kenner; 2) 377 West Louisiana State Drive in Kenner; 3) 330 Devon Road in LaPlace; 4) 741 Lang Street in New Orleans; and 5) 723 Carroll-ton Street in Metairie. The Carrollton Street property was purchased in the name of Rent to Own Properties, L.L.C., and the other four properties were purchased in Smith’s name. In subsequent documents entitled “Trust Agreement” executed by Smith in favor of 741 Lang Street, L.L.C. for three of these properties (California Avenue, West Louisiana State Drive and Devon Road), Kelly signed as a member of 741 Lang Street, L.L.C., but not in his individual capacity. Kelly admitted at trial that Rent to Own Properties, L.L.C. paid the $5,000.00 deposit, that was later lost, on the Robert E. Lee Boulevard property in New Orleans.
| ¡While the evidence is clear that Kelly and Smith agreed to be equal partners in both Rent to Own Properties, L.L.C. and 741 Lang Street, L.L.C., Kelly was not a party, in his individual capacity, to any of the transactions regarding the properties acquired or attempted to be acquired during the parties’ business relationship. Furthermore, the bank accounts for which Kelly alleges losses due to alleged transgressions of Smith were in the names of the two limited liability companies.
La. R.S. 12:1329, relative to the nature of a membership interest in a limited liability company, states:
A membership interest shall be an incorporeal movable. A member shall have no interest in limited liability company property.
Based on this statute and the evidence included in the record on appeal, my opinion is that Kelly has no right of action to assert claims in his individual capacity regarding losses allegedly sustained by Rent to Own Properties, L.L.C. and/or 741 Lang Street, L.L.C. See Van Meter v. Gutierrez, 04-0706 (La.App. 4 Cir. 2/16/05), 897 So.2d 781.