KENDRICK WILLIAMS AND    *      NO. 2021-C-0001
LATIKASHAWN WILLIAMS,
INDIVIDUALLY AND ON    *
BEHALF OF THEIR MINOR        COURT OF APPEAL
CHILD, DESMONAE    *
WILLIAMS        FOURTH CIRCUIT
   *
VERSUS        STATE OF LOUISIANA
     * * * * * * *

BUCK KREIHS MARINE
REPAIR, LLC


APPLICATION FOR WRITS DIRECTED TO
25TH JDC, PARISH OF PLAQUEMINES
NO. 64-904, DIVISION "A"
Honorable Kevin D. Conner, Judge
* * * * * *
**Judge Terri F. Love**
* * * * * *

(Court composed of Judge Terri F. Love, Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins)


Stephen O. Scandurro
607 St. Charles Avenue
New Orleans, Louisiana 70130

AND

Michael A. Mahone, Jr.
5190 Canal Blvd., Suite 102
New Orleans, Louisiana 70124

     COUNSEL FOR PLAINTIFFS/RELATORS, KENDRICK WILLIAMS, ET
     AL

George J. Nalley, Jr.
Andrew J. Miner
Nalley and Dew, APLC
2450 Severn Avenue, Suite 100
Metairie, Louisiana 70001

     COUNSEL FOR DEFENDANT/RESPONDENT, BUCK KREIHS
     MARINE REPAIR, LLC

                      **WRIT GRANTED**
                      **February 24, 2021**

*TFL*

*RLB*

*SCJ*

Relators/Plaintiffs, Kendrick Williams and Latikashawn Williams, individually and on behalf of their minor child, Desmonae Williams, seek review of the trial court's judgment, granting defendant, Buck Kreihs Marine Repair, LLC's ("BKM"), peremptory exception of no right of action as it relates to Mr. Williams' employer's right to reimbursement of maintenance and cure. Relators assert that the trial court erred in granting BKM's exception of no right of action by examining the merits of the claims as opposed to the procedural requirements of the exception. We agree, grant the writ, reverse the judgment of the trial court, and remand for further proceedings.

### *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

The instant action arises out of personal injuries, which Mr. Williams sustained on November 20, 2017, while working for Associated Terminals, L.L.C. ("Associated Terminals") as an equipment operator and seaman on the Myrtle Grove Marine Terminal ("MGMT"), a watercraft operating in the navigable waters of the Mississippi River. At the time of the accident, Mr. Williams was on fire watch on the MGMT while steel was being cut by BKM personnel above him. In the course of BKM's work, BKM personnel allegedly dropped a large piece of steel that struck Mr. Williams causing him to suffer "significant and debilitating injuries to his shoulder and back." As Mr. William's employer, Associated Terminals owed obligations to Mr. Williams for medical treatment and

1

maintenance and cure benefits under the Jones Act and general maritime law. Associated Terminals paid said benefits to Mr. Williams in the amount of one hundred eighty-nine thousand, two hundred twenty-one dollars, twenty-five cents ($189,221.25).

Relators filed the instant action against BKM for damages. Relators filed a first amended and restated petition, naming Associated Terminals as an additional defendant and asserting claims for negligence and maintenance and cure. Associated Terminals filed an answer to the petition, first amended and restated petition, and a cross-claim against BKM for reimbursement of the maintenance and cure payments made to Mr. Williams. Subsequently, Relators and Associated Terminals entered into a receipt, release, indemnification, assignment, and settlement agreement whereby Relators agreed to release Associated Terminals from any and all liability for consideration in the amount of fifty thousand dollars ($50,000.00). Associated Terminals also assigned all of its rights against BKM to Relators.

According to the release, Associated Terminals and Mr. Williams reached a settlement agreement wherein Associate Terminals paid to Mr. Williams maintenance and cure benefits, but not benefits under the Longshore and Harbor Workers' Compensation Act. Instead, Associated Terminals signed its cross-claim against BKM over to Relators as part of the settlement. The cross-claim sought, in part, reimbursement from BKM for said maintenance and cure benefits payments. Relators later filed a Second Supplemental Superseding Petition for Damages, asserting claims of negligence and reimbursement of maintenance and cure. Relators further alleged that their negligence claims were causes of action pursuant

2

to the Jones Act, 46 USCA § 688, the general maritime law, and La. C.C. art. 2315.

BKM filed exceptions and answer to the Second Supplemental Superseding Petition for Damages, including a peremptory exception of no cause of action, or alternatively, a peremptory exception of no right of action on the part of Relators to institute suit on their new additional claims. BKM contended that the law banned double recovery of maintenance and cure benefits by a seaman. BKM also averred that under general maritime law, an employer cannot assign the right to reimbursement and recovery to an employee. Relators filed their opposition to BKM's exceptions. BKM filed its reply in further support of the exceptions.

The trial court conducted a hearing on the exceptions and granted BKM's exception of no right of action. The trial court's judgment stated that the exception was granted, "as plaintiff may not be subrogated to the rights of his employer to be reimbursed for maintenance and cure, and because plaintiff has already received maintenance and cure and may not collect it a second time." Relators' timely writ application followed.

## STANDARD OF REVIEW

"The standard of review of a trial court's ruling on an exception of no right of action is *de novo*." *N. Clark, L.L.C. v. Chisesi*, 16-0599, p. 3 (La. App. 4 Cir. 12/7/16), 206 So. 3d 1013, 1015.

## NO RIGHT OF ACTION

"Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts." La. C.C.P. art. 681. The exception of no right of action is a peremptory exception. La. C.C.P. art. 927. "The function of the peremptory exception is to have the plaintiff's action declared

3

legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923. "Specifically, '[t]he function of an exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit.'" *Abadie v. Arguelles*, 19-0749, p. 3 (La. App. 4 Cir. 2/19/20), 292 So. 3d 961, 963 (quoting *N. Clark*, 16-0599, p. 5, 206 So. 3d at 1016). "Thus, the exception of no right of action assumes that the petition states a valid cause of action and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation." *Van Meter v. Gutierrez*, 04-0706, p. 7 (La. App. 4 Cir. 2/16/05), 897 So. 2d 781, 786.

"On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." La. C.C.P. art. 931. "The defendant-exceptor has the burden of proving the exception of no right of action." *Abadie*, 19-0749, p. 3, 292 So. 3d at 964.

While Associated Terminal assigned its right to reimbursement for those payments to Mr. Williams so that he could then assert that claim against BKM, BKM contended that allowing Mr. Williams to receive the same payments twice is impermissible under maritime law and amounts to unjust enrichment.

Relators' allegations against BKM as they relate to reimbursement of maintenance and cure benefits were outlined in the Second Supplemental Superseding Petition for Damages as follows:

> 14. As Plaintiff's employer, Associated Terminals owed obligations to Plaintiff for medical treatment and maintenance and cure benefits under the Jones Act and general maritime law without regard to Associated Terminals' fault. Associated Terminals accepted its obligations to Plaintiff and paid maintenance and cure benefits.

4

15. Associated Terminals exercised its right to be reimbursed for maintenance and cure payments to Plaintiff by asserting an action against BKM for its fault, negligence and/or lack of due care of BKM and/or its employees, agents, or others for whom BKM is vicariously liable.

16. Associated Terminals asserted that it is entitled to reimbursement from BKM for any and all damages, both past and future, whether compensatory, pecuniary, and non-pecuniary losses sustained as a result of the Incident, along with pre-judgment interest, post-judgment interest, court costs, attorneys' fees and other damages to which Associated Terminals may have been entitled.

17. Associated Terminals has assigned all of its rights against BKM to Plaintiff. Plaintiff now asserts against BKM Associated Terminals' right to reimbursement of $189,221.25 that it paid in maintenance and cure benefits to Plaintiff.

Similar facts of Associated Terminals' maintenance and cure benefit payments and assignment of reimbursement rights were outlined in the settlement agreement, which was attached to BKM's Memorandum in Support of the exceptions. BKM noted that there were no cases directly on-point, wherein a plaintiff attempted to assert a claim for reimbursement that was assigned to him by his employer to double recover maintenance and cure benefits from a third party.

In *Complaint of Liberty Seafood, Inc.*, 38 F.3d 755, 758 (5th Cir. 1994) the U.S. Fifth Circuit reaffirmed the well-known principle that maritime law provides "two separate lines of recovery for an injured seaman: damages, and maintenance and cure. The seaman may claim maintenance and cure only from its employer; but, as noted, the employer may recover all, or a portion, of those payments from a third-party tortfeasor." Thus, "the employer's claim for reimbursement of maintenance and cure is a separate, non-derivative claim." *Blanchard v. United States*, 12-CV-3140, 2014 WL 4678811, at *4 (W.D. La. 9/19/14).

In the instant action, Relators' allegations contained in the Second Supplemental Superseding Petition for Damages assert facts that would allow Relators to recover reimbursement of the maintenance and cure benefit payments

Associated Terminals previously made to Mr. Williams.

Louisiana Civil Code article 2642, pronounces that "[a]ll rights may be assigned, with the exception of those pertaining to the obligations that are strictly personal. The assignee is subrogated to the rights of the assignor against the debtor." "The law is clear that a litigious right, a cause of action which is the subject of pending litigation, is transferable by assignment pursuant to Louisiana Civil Code article 2652." *King v. Illinois Nat. Ins. Co.*, 08-1491, p. 7 (La. 4/3/09), 9 So. 3d 780, 785.

Unable to meet the burden of proof, BKM failed to provide a statute or jurisprudence specifically prohibiting the assignment of the right to reimbursement for maintenance and cure payments. Upon a review of the allegations asserted in the Second Supplemental Superseding Petition for Damages, Relators alleged facts that provide a remedy under maritime law for Associated Terminals, as Mr. Williams' employer, to assign its right for reimbursement of maintenance and cure payments to Relators to then assert against BKM. Therefore, we find Relators possessed a right of action.[1]

### PRESCRIPTION

Alternatively, BKM asserts that if this Court finds the trial court erred by granting the exception of no right of action, then we must find that Relators' claims for Associated Terminal's reimbursement are prescribed. Prescription is not properly before us, as we "may not supply the objection of prescription." La. C.C.P. art. 927(B). Additionally, BKM did not seek supervisory review of the trial court's denial of the exception of prescription.

---

[1] BKM asserts that permitting Relators to recover reimbursement will be akin to double recovery and that the MGMT does not qualify as a vessel. Such determinations are inappropriate on an exception of no cause of action.

6

***DECREE***

For the above-mentioned reasons, we find the trial court erred by granting BKM's exception of no right of action. Therefore, we grant the writ, reverse the judgment of the trial court, and remand for further proceedings.

**WRIT GRANTED**