| ECLECTIC INVESTMENT PARTNERS, LP | * | NO. 2022-CA-0197 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| ANDREW WILSON, SR. AND ANDREW WILSON, JR. AND THE CITY OF NEW ORLEANS | * | FOURTH CIRCUIT |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

**CONSOLIDATED WITH:**

**EASY LIVING CONSTRUCTION, LLC**

**VERSUS**

**ECLECTIC INVESTMENT PARTNERS, LP AND THE CITY OF NEW ORLEANS**

**CONSOLIDATED WITH:**

**ECLECTIC INVESTMENT PARTNERS, LP**

**VERSUS**

**CHELSEY RICHARD NAPOLEON, AS EX-OFFICIO RECORDER OF CONVEYANCES FOR THE PARISH OF ORLEANS, IN HER CAPACITY AS CLERK OF THE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS, AND EASY LIVING CONSTRUCTION, LLC**

**CONSOLIDATED WITH:**

**NO. 2022-CA-0198**

**CONSOLIDATED WITH:**

**NO. 2022-CA-0199**

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-11634, DIVISION "M"
Honorable Paulette R. Irons, Judge
\* \* \* \* \* \*
**Judge Sandra Cabrina Jenkins**
\* \* \* \* \* \*
(Court composed of Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase)

**CHASE J., CONCURS IN THE RESULT**

Scott Joseph Sonnier
ATTORNEY AT LAW
601 Poydras Street
Suite 2355
New Orleans, LA 70130
COUNSEL FOR PLAINTIFF/APPELLANT

John A. E. Davidson
DAVIDSON & DAVIDSON, APLC
5000 W. Esplanade
Suite A # 284
Metairie, LA 70006

COUNSEL FOR DEFENDANT/APPELLEE

**LIMITED REHEARING GRANTED; RELIEF DENIED; ORIGINAL
OPINION AFFIRMED
DECEMBER 27, 2022**

We grant Eclectic Investment Partnership, LP's ("Eclectic") application for rehearing for the limited purpose of addressing Eclectic's argument made in its original brief that Easy Living Construction, LLC ("Easy Living") had no right of action to annul the tax sale.

Following this Court's November 30, 2022 decision, Eclectic filed an application for rehearing, requesting the ruling of the trial court that granted summary judgment, and annulled the May 17, 2018 judgment that confirmed and quieted the tax sale title be reversed and the matter remanded for further proceedings. Eclectic based its application on this Court not addressing Easy Living's petition to annul.

The exception of no right of action assumes that the petition states a valid cause of action and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. *Williams v. Buck Kreihs Marine Repair, LLC*, 2021-0001, p. 4 (La. App. 4 Cir. 2/24/21), 314 So.3d 1040, 1043 (quoting *Van Meter v. Gutierrez*, 2004-0706, p. 7 (La. App. 4 Cir. 2/16/05), 897 So. 2d 781, 786). Eclectic argued that a quiet title action has occurred and the

1

ownership interest of the property was transferred to Eclectic prior to Andrew Wilson, Jr. transferring his interest in the property to Easy Living through a quitclaim deed. A review of Easy Living's petition to annul reveals that Easy Living was the assignee and transferee of all rights of Andrew Wilson, Jr. in connection with the property at issue. As a holder of a quitclaim deed, Easy Living has a right of action to bring a suit to nullify the tax sale on account of lack of proper notice to Andrew Wilson, Jr. Therefore, the trial court did not err by denying the exception of no right of action.

For these reasons, we grant a limited rehearing, deny relief, and affirm our original opinion.

**LIMITED REHEARING GRANTED; RELIEF DENIED; ORIGINAL OPINION AFFIRMED**