964 So.2d 1095 (2007)
Robert J. ROTH, Jr. and Guy H. Roth
v.
VOODOO BBQ, LLC, Alton F. Doody, Jr. and William Stroebel.
No. 2007-CA-0295.
Court of Appeal of Louisiana, Fourth Circuit.
August 1, 2007.
*1096 David J. Halpern, Michael W. Tifft, Halpern & Martin, LLC, Metairie, LA, for Plaintiffs/Appellants.
John L. Hantel, Mandeville, LA, for William Stroebel.
Charles L. Stern, Jr., Alan M. Cohen, The Steeg Law Firm, L.L.C., New Orleans, LA, for Alton F. Doody.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY, and Judge MAX N. TOBIAS, JR.).
MAX N. TOBIAS, JR., Judge.
The plaintiffs/appellants, Robert J. Roth and Gary Roth (collectively, "the Roths"), appeal the dismissal with prejudice of their suit for damages against Alton F. Doody ("Doody") and William Strobel[1] ("Strobel"), who prevailed on peremptory exceptions of no cause of action in the trial court. We review this matter de novo.[2]
This dispute arises from a lease agreement under which the Roths leased the premises at an unknown address in New Orleans to Voodoo BBQ, L.L.C. ("Voodoo BBQ") from 1 July 2002 through 31 July 2002, with an exercised option of renewal through 2011. The Roths allege that under the lease agreement, which is not made a part of the record on appeal, Voodoo BBQ was obligated to pay rent, taxes, and utilities; assume responsibility for repair and maintenance; surrender the premises in like condition; carry flood, liability, and property insurance; and rebuild and restore the premises in event of casualty. The property was damaged by Hurricane Katrina in 2005, and the premises were allegedly abandoned by Voodoo BBQ.
The Roths filed suit on 13 January 2006 against Doody, Strobel, and Voodoo BBQ. In the petition for damages, they alleged that Doody and Strobel were comanagers of Voodoo BBQ at the time the *1097 cause of action accrued.[3] The petition stated that prior to Hurricane Katrina, Voodoo BBQ failed to "adequately secure the premises" and failed to properly maintain the roof of the premises, which damage was aggravated by Hurricane Katrina. Further, they alleged that agents of Voodoo BBQ entered the premises following Hurricane Katrina and removed equipment and furnishings and again failed to secure the premises.[4]
With respect to Doody and Strobel, the Roths allege that they "as managers of Voodoo BBQ, LLC" were liable "for acquiescing, fostering, or permitting the failures set forth above." No further specific allegations against Doody and Strobel appear in the original petition for damages.
Strobel filed an answer on 12 June 2006, and Doody filed an exception of no cause of action on 7 July 2006, on the grounds that pursuant to La. R.S. 12:1320, he was not liable individually for any actions taken by him as a manager of Voodoo BBQ. Strobel filed a virtually identical exception of no cause of action on 24 October 2006.
On 28 September 2006, the Roths presented an amending petition to the trial court, which added several paragraphs alleging that Doody and Strobel entered the premises following Hurricane Katrina and removed equipment and furnishings, including the electronic cash register system and its components, and several big screen televisions and equipment; that the cash register and television equipment were removed for personal use, and/or to use in another Voodoo BBQ outlet in the New Orleans area in which Doody and Strobel had interests.
The trial court did not grant leave to the Roths to file the amended petition for damages, but rather sustained the exceptions in separate judgments, dismissing with prejudice the causes of action against Doody and Strobel. The Roths appealed and urge us to reverse the ruling of the trial court as a matter of law.
La. R.S. 12:1320, titled "liability to third persons of members and managers," provides:
A. The liability of members, managers, employees, or agents, as such, of a limited liability company organized and existing under this Chapter shall at all times be determined solely and exclusively by the provisions of this Chapter.
B. Except as otherwise specifically set forth in this Chapter, no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company.
C. A member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person's rights against or liability to the limited liability company.
D. Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by *1098 law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of fraud practiced upon it by him.
La. R.S. 12:1320 [emphasis supplied].
The Roths urge us to overrule the exceptions of no cause of action on the grounds that they have alleged individual tortious conduct on the part of Doody and Strobel, separate and apart from their roles as managers of Voodoo BBQ. They point to R.S. 12:1320 D, supra, as protecting their right to assert such causes of action against Doody and Strobel individually, and maintain that the amending petition for damages should be accepted as sufficient to sustain causes of action against Doody and Strobel. We disagree.
Strobel directs us to our opinion in Curole v. Ochsner Clinic, L.L.C., which briefly analyzed the exception to the limited liability shield for managers or members found in R.S. 12:1320(D). This court concluded that:
[t]o have meaning within the entire statute, the phrase `or other negligent or wrongful act by such person' must refer to acts done outside one's capacity as a member, manager, employee, or agent of the limited liability company.
01-1734, pp. 7-8 (La.App. 4 Cir. 2/20/02), 811 So.2d 92, 97. Insofar as the petition for damages in the instant case does not sufficiently allege any wrongful conduct on the parts of Doody or Strobel that is separable from their roles as managers of the Voodoo BBQ, we do not find that the Roths have alleged a cognizable cause of action against them as individuals. Particularly, we note that the thrust of the litigation is a breach of contract suit against Voodoo BBQ, and that the property and equipment that Doody and Strobel are alleged to have removed from the leased premises did not belong to the Roths, but presumably to Voodoo BBQ. Therefore, the basis of the allegations against Doody and Strobel necessarily arise from their decisions regarding property owned and used by Voodoo BBQ in its operations. No particularized allegations of fraud committed by Doody or Strobel are asserted, and the allegations put forth by the Roths in their petition for damages, even as amended, are insufficient to pierce the veil of the limited liability company statutory protection afforded to Doody and Strobel as managers and members.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Although the petition for damages named "William Stroebel" as a defendant, the record on appeal suggests that the correct spelling of his surname is "Strobel."
[2] See, Southern Tool & Supply, Inc. v. Beerman Precision, Inc., 03-0960, p. 6 (La.App. 4 Cir. 11/26/03), 862 So.2d 271, 277; City of New Orleans v. Board of Comm'rs of Orleans Levee Dist., 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253.
[3] The term "manager" and "member" have special meanings insofar as they apply to a Louisiana limited liability company. See, generally, La. R.S. 12:1301(A)(12) and (13) and La. R.S. 12:1311, et seq. For the most part, a manager of a limited liability company is similar to an officer or director of a corporation and a member of a limited liability company is similar to a shareholder of a corporation.
[4] The Roths do not allege that they were the owners of any property or equipment removed from the premises, but rather that they might have a lien against the property removed by Voodoo BBQ.