MOORE, J.
|, One of the defendants, W. Brandon Cork, seeks supervisory review of the Fourth Judicial District Court’s denial of his motion to strike an answer filed by another defendant, Alternative Environmental Solutions Inc. (“AESI”). Cork contends that as 50% shareholder in AESI, he never authorized AESI to retain counsel and file an answer. In the unique factual circumstances presented, we grant the writ and make it peremptory, grant the motion to strike, without prejudice, and remand for further proceedings.

Factual and Procedural Background

According to the pleadings, Cork and the plaintiff,- Stanley Palowsky III, incorporated AESI in 1998. Each is a 50% shareholder and an officer. ' AESI’s business was stated as “environmental consulting services,” essentially soil shredding. In late 1998 or early 1999, AESI obtained a contract with an unnamed principal (referred to in the pleadings as “a major oil company” and later disclosed to be Ana-darko).
In March 2008, Cork, on behalf of AESI, signed a master service, agreement with OHC Services LLC, through its principal, Anthony White. In essence, OHC was to be a subcontractor providing equipment and general services for any general contract that AESI might obtain. In 2011, the major oil company awarded AESI a large contract, which brought AESI gross revenues of $4.7 million in 2012.
In July 2012, however, Palowsky discovered an invoice from OHC, which he interpreted as seriously overbilling AESI. In Palowsky’s view, OHC had fraudulently marked up services provided to it by TP Environmental (another subcontractor); White had submitted the invoice to | gCork; Cork had incorporated the fraudulent charges into AESI’s invoice without.Pa-lowsky’s knowledge, and then submitted it *488 to the major oil company. Palowsky’s reaction was not merely an altruistic concern that the major oil company might be overpaying. Instead, he felt that Cork and White had hatched a scheme to falsify invoices to the major oil company, not for AESI’s benefit, but to skim the excess and split it between themselves. In fact, he alleged that he only then discovered that some years earlier, Cork and White had formed a separate business, CMW LLC, to facilitate the scheme. Palowsky alleged that in 2012 alone, the overcharge exceeded $500,000.
In July 2013, Palowsky filed this suit, labeled as a “shareholder’s derivative action,” on behalf of AESI, against Cork, AESI, White and OHC. He alleged that Cork committed fraud, intentional interference with contract rights, and breach of fiduciary duty; and that White committed conspiracy and breach of contract. By a first supplemental and amending petition, Palowsky alleged that Cork formed yet another business, Cork Environmental Resource Group Inc., to compete directly with AESI, thus committing another breach of fiduciary duty.
In answer to the first supplemental petition, Cork alleged that he and Palowsky were “hopelessly deadlocked” in the management of AESI’s affairs and that he had filed a suit for dissolution in the Fourth Judicial District Court.
In October 2013, AESI filed an answer alleging that AESI was “a necessary and indispensable party to this action with its own undersigned 1¡¡attorney!/]” Sedric Banks. AESI also admitted that the payment of monies to Cork as alleged by Palowsky would violate the master service agreement between AESI and OHC, but denied these factual allegations.
Cork responded with the instant motion to strike AESI’s answer. He argued that in a derivative action, the shareholder is only the nominal plaintiff; the real party plaintiff is the corporation, whose rights are being enforced. Thornton ex rel. Laneco Const. Sys. v. Lanehart, 97-2871 (La.App. 1 Cir. 12/28/98), 723 So.2d 1127, writ denied, 99-0177 (La.3/19/99), 740 So.2d 115. Since the corporation’s true interest was being represented by the nominal plaintiff, there was “no necessity” for the corporation to file its own answer and “no basis” for letting it use its status as a nominal defendant to participate as an active defendant.

Action in the District Court

At a hearing in January 2014, the district court stated that the issue was “Mr. Banks’ participation in the situation” and the court was disinclined to grant the motion to strike because that would “lead [sic ] AESI without representation.” Cork conceded that he and Palowsky were “at loggerheads” but argued that AESI had never authorized Palowsky, a 50% shareholder, to hire an attorney to represent the corporation. Mr. Banks, on behalf of AESI, argued that the corporation is a separate entity from its shareholders, and AESI had interests separate and apart from Palowsky’s, which it (the corporation) was entitled to assert. Palowsky’s personal counsel, Mr. Ward, argued that he could not represent both Palowsky and AESI because their interests were antagonistic. The parties argued at some Rlength, but the court stated it was “not right” that just because the two 50% shareholders could not agree, “the corporation can do nothing.” The court took the case under advisement, and later issued a written ruling denying the motion to strike.
Cork took a writ application which a panel of this court granted on July 31, 2014. The parties orally argued the case on January 12, 2015.

*489
Discussion

This court granted the writ because we noticed, on our own initiative, that the applicant, Cork, has filed a petition for dissolution of AESI in the Fourth JDC.[1] We find that the outcome of that suit will likely resolve the instant dispute over the authority to represent the corporation.
The gist of the dispute is spelled out in Cork’s first assignment of error. He contends that the court erred in concluding that Palowsky, the plaintiff in a derivative action, who is one shareholder / director in a corporation owned 50% by himself and 50% by Cork, is entitled to act unilaterally in retaining counsel for the corporation without a corporate vote and without consent of Cork. Officers and agents of a corporation have only such authority as is conferred by the bylaws or by the board of | r,directors, La. R.S. 12:82 D, and an officer may not act without such authority, Sauve Heirs, Inc. v. National Bus. Consultants Inc., 522 So.2d 686 (La.App. 5 Cir.), writ denied, 523 So.2d 1341 (1988). Cork shows passages from AESI’s first board of directors meeting, requiring that he and Palowsky act jointly, and asserts that he (Cork) has opposed the hiring of Mr. Banks and never ratified Palowsky’s selection of an attorney. McCarty v. Panzico, 467 So.2d 1229 (La.App. 2 Cir.1985). He concludes that allowing AESI to hire a lawyer, and take a position in the suit, without his consent effectively nullifies his rights as a 50% shareholder.
AESI and Palowsky, by joint brief, counter that disallowing the corporation to hire a lawyer, and take a position in the suit, effectively nullifies Palowsky’s rights as a 50% shareholder, as well as a corporation’s inherent right to sue in its own name, La. R.S. 12:41 B(3).
In the face of this impasse, Cork filed a petition to dissolve AESI on grounds that the directors are deadlocked in the management of the corporate affairs, and the shareholders are unable to break the deadlock, La. R.S. 12:143 A(4). The dissolution procedure requires the court to appoint a liquidator, La. R.S. 12:143 E. All the rights, powers and duties of the officers and board of directors are vested in the liquidator appointed by the court, La. R.S. 12:141 C. Simply put, the liquidator will be charged with deciding whether AESI’s best interest is served by retaining separate counsel and participating in the instant lawsuit. This court is unwilling to break the 50-50 deadlock between Cork and Palowsky in a manner that might contradict the ultimate result in the dissolution. We decline to issue a [ (¡ruling that the district court will have properly before it in the dissolution case.
*490 This court is authorized to render any judgment which is just, legal and proper upon the appellate record. La. C.C.P. art. 2164. We recognize that allowing Palow-sky, one 50% shareholder, to sue AESI in a derivative action, and also to hire separate counsel to represent AESI, may waste AESI’s assets, impair its goodwill and diminish its ultimate value. This court wants to maintain the status quo pending the appointment of a liquidator. For these reasons, under the special and unique circumstances presented, we will grant the writ and make it peremptory. We reverse the district court’s ruling and grant the motion to quash, but the grant is without prejudice. After the district court appoints the liquidator and thus ends the management impasse, the liquidator may then elect to retain Mr. Banks and file the answer, and the district court is to permit such action.[2]

Conclusion

For the reasons expressed, the writ is granted and made peremptory; the motion to quash is granted, without prejudice. The case is remanded to the district court with instructions. Costs are to be borne equally by W. Brandon Cork and Stanley Palowsky, III.
WRIT GRANTED AND MADE PEREMPTORY; MOTION TO QUASH GRANTED, WITHOUT PREJUDICE; CASE REMANDED.

. We also granted the writ because of material misstatements of the facts by the district court in its written ruling. For instance, the court wrote that "the shareholder presented to the court as the person purportedly representing the corporation is the very person who has allegedly violated a position of fiduciary trust and engaged in misconduct detrimental to the corporation” when, in fact, the plaintiff, Palowsky, is nominally representing the corporation, and he alleges that the defendant, Cork, breached the fiduciary trust. The court then wrote, "Under these circumstances, the court cannot agree that the interests of the corporation are being adequately represented by the nominal plaintiff, W. Brandon Cork,” when, in fact, the nominal plaintiff is Palowsky. Finally, the court opined that in this situation of equal management, granting the motion to strike "would place under the control of the person alleged to have breached his fiduciary duty to this corporation the say-so as to who should be the attorney representing the corporation,” a proposition “with which the court cannot agree,” when, in fact, Palowsky is the alleged whistleblower, not the alleged racketeer.

. On the showing made, this court does not consider the theory of "corporate neutrality” advanced by Cork in brief. This novel theory is described in the cases of Sobba v. Elmen, 462 F.Supp.2d 944 (E.D.Ark.2006), and Chih Teh Shen v. Miller, 212 Cal.App.4th 48, 150 Cal.Rptr.3d 783 (2012), and appears to be rooted in common-law principles not contained in Louisiana’s Corporations Code.